

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# USA v. Rene

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rene" (2006). *2006 Decisions.* Paper 1134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1287

_____


UNITED STATES OF AMERICA,


v.


JIMMY E. RENE,


Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable James K. Gardner
(Criminal No. 04-00459)

_____


Submitted Under Third Circuit L.A.R. 34.1(a)
April 28, 2006

BEFORE: AMBRO and FUENTES, Circuit Judges, and IRENAS,* District Judge.


(Filed: May 10, 2006 )


_____


OPINION OF THE COURT

_____


_____

* Honorable Joseph E. Irenas, Senior District Judge for the United States District
Court for the District of New Jersey, sitting by designation.

FUENTES, Circuit Judge.

Following a jury trial, Appellant Jimmy Rene was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Rene was sentenced to 57 months in prison on January 27, 2005, shortly after the Supreme Court issued its opinion in United States v. Booker, which held that the federal sentencing guidelines are advisory. 543 U.S. 220, 259-60 (2005). Rene now argues that his sentence was unreasonable because the District Court focused excessively on the applicable sentencing guidelines range and on deterrence interests in determining an appropriate sentence, and did not give enough consideration to other relevant factors. We hold that the District Court's sentence was reasonable, and we therefore affirm.[1]

## I. DISCUSSION

In imposing a reasonable sentence, a District Court must exercise its discretion by giving meaningful consideration to all relevant factors listed in 18 U.S.C. § 3553(a). United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). In this case, the relevant

---

[1] The District Court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction to review Rene's sentence for reasonableness pursuant to 18 U.S.C. § 3742(a)(1). See United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006). The government argues in its brief that this Court does not have jurisdiction to consider the reasonableness of Rene's sentence because the sentence was within the correctly calculated sentencing guideline range. We rejected that claim in Cooper, 437 F.3d at 327-28, which was decided after the government's submission of its brief in this case.

factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

18 U.S.C. § 3553(a); see Cooper, 437 F.3d at 329. In making a sentencing determination, a court need not discuss and make findings as to each relevant factor, but the record must make clear that the court took each factor into account. Cooper, 437 F.3d at 329. A rote listing by the court of the § 3553(a) factors is not sufficient if either party properly raises a claim with "recognized legal merit and factual support in the record" and the court fails to address it. Id. at 329, 332. Where the court imposes a sentence within the applicable sentencing guidelines range, that sentence is not considered reasonable per se, but such a sentence is more likely to be reasonable than a sentence outside the sentencing guidelines range. Id. at 331.

Here, Rene has not met his burden of showing that the District Court's sentence was unreasonable. After calculating the applicable sentencing guidelines range as 51 to 63 months and imposing a 57 month sentence, the District Court made the following

statement:

>The defendant is a 24 year-old man who, over a brief period of time, has accumulated a substantial criminal record. Since the age of 16, he has been arrested and convicted seven times. However, four of the defendant's six prior convictions have not been considered in computing the defendant's criminal history category because of time period constraints.
>
>This offense represents the third offense in which the defendant was in possession of a weapon[,] which reflects the increased danger of violence when offenders possess weapons. He has been basically on his own since the age of 14 and has resisted any type of authority or responsibility. At the time of this offense, the defendant was on state parole supervision for previous narcotics trafficking offenses.
>
>I considered several factors in imposing a 57-month period of incarceration, including the nature and the circumstances of the offense and the history and characteristics of the defendant, a sentence to reflect the seriousness of the offense[,] to promote respect for the law and to provide just punishment for the offense. I considered the deterrence of future criminal conduct by this defendant and by others, and I considered the need to protect the public from further crimes of this defendant.
>
>I also considered the educational and vocational training needs of this defendant in imposing a sentence with a recommendation to the Bureau of Prisons that he be incarcerated in a federal correctional institution where he would be able to get such vocational and educational training, not only because he requested it, but because I consider the defendant a person who has the intelligence and the ability to benefit from such education and training and because he desires to receive it, which is a positive thing.

This record does not support Rene's claim that the District Court gave overriding consideration to the applicable guideline range and to deterrence concerns without taking into account other relevant factors. Rene does not point to any legitimate claims raised by him that the District Court failed to address, and it is clear that the District Court gave an appropriately careful and individualized consideration of Rene's case. We find that the sentence imposed was reasonable, and Rene's appeal is therefore denied.